IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JEFFREY HANSEN<br><br>Plaintiff,<br><br><br>vs.<br><br><br><br>HARPER EXCAVATING, INC.<br><br>Defendant. | ORDER & MEMORANDUM DECISION<br><br><br>Case No. 2:05-cv-940<br><br>Judge Dale A. Kimball<br><br>Magistrate Brooke Wells |

Defendant, Harper Excavating, Inc., has subpoenaed Jeffery Hansen's doctor requesting "[a]ll medical records relating to Jeffery Robert Hansen form November 2003 to April 2004."[1] Hansen moves this court for a protective order pursuant to Rule 26(c) to prevent the disclosure of this information. Hansen offers three arguments in support of his motion. First, the subpoena is not compliant with the Health Insurance Portability and Accountability Act of 1996 (HIPAA). Second, the subpoena seeks information which is irrelevant to the issues in this case. And, finally, Defendant's request is overly broad.

Pursuant to HIPAA, a "health care provider can disclose protected health information

---

[1] Subpoena, attached as ex. A to Pla.'s Mem. in Supp.

1

only upon being served with a complying subpoena, upon written authorization by the patient, or in response to a court order.[2]  Specifically, 45 C.F.R. § 164.512(e) provides that a health care provider may disclose protected health information in response to a subpoena or "order of a court."[3]  In the instant case Hansen argues that the requirements of HIPAA have not been met. The court agrees.  There is no court order governing the scope of the information to be disclosed. Nor, has Harper sought a qualified protective order and Hansen has not signed any authorization permitting the disclosure of the records.  Furthermore, Harper in its opposition memorandum fails to even address the implications of HIPAA.  Harper seeks "[a]ll medical records" relating to Plaintiff from Dr. Michael Nielsen.  The court finds that this information is protected and governed by HIPAA.  Accordingly, the court finds that the requirements of HIPAA have not been met by Defendant's subpoena.[4]

     Notwithstanding this failure, the court wishes to address the relevancy and scope of the subpoena.  The subpoena seeks information from November 2003 to April 2004.  This time frame correlates with the time during which Hansen was employed by Harper.  Hansen has alleged *inter alia*, damages for treatment obtained after his termination, some permanent injuries

---

[2]  *See* 45 C.F.R. §§ 164.508, 164.512.

[3]  45 C.F.R. § 164.512(e).

[4]  Plaintiff also argues that the subpoena was served before the parties entered into a scheduling order so this violates Federal Rule 26(d).  The subpoena was served on January 10, 2006.  The parties conducted their initial attorney planning meetings on January 12 and 13, 2006. A scheduling order was entered on January 20, 2006.  In light of the entry of a scheduling order the court finds Plaintiff's argument now moot.  But, the court admonishes counsel for Defendant to not attempt such circumvention of the Federal Rules in the future.

which necessitate the need for future medical payments, and a claim for past medical payments.[5] The court agrees with Defendant in that Hansen's medical records will assist in evaluating these claims. Some sort of pre-existing condition could effect the amount of damages that Hansen is entitled to. Therefore, given the broad standard of discovery under Rule 26,[6] and the possible implications upon Hansen's claims, the court hereby finds that the information sought is relevant. The court further finds that the information sought is sufficiently narrow in scope. Defendant is not seeking medical information outside of the scope of Plaintiff's employment. Plaintiff's argument that the term "relating to" as used by Defendant is overly broad is unpersuasive in light of the time limits imposed in Defendant's subpoena. Therefore, based on the foregoing

IT IS ORDERED that Plaintiff's Motion for Protective Order is GRANTED to the extent that Defendant failed to comply with the requirements of HIPAA.

IT IS ORDERED that Plaintiff's Motion for Protective Order is DENIED to the extent that it relies on irrelevancy and over breadth. Given the court's findings concerning the relevancy and breadth of the requested information the parties are

HEREBY ORDERED to enter into a protective order pursuant to HIPAA governing the information sought in Defendant's subpoena within 30 days of this order. It is further

ORDERED that the information sought by Defendant in the subpoena is to be produced

---

[5] *See* Op. p. 3.

[6] *See Gomez v. Martin Marietta Corp.*, 50 F.3d 1511 (10th Cir. 1995) (stating that the "scope of discovery under the federal rules is broad and ... discovery is not limited to issues raised by the pleadings, for discovery itself is designed to help define and clarify the issues"); *see also Procter & Gamble Co. v. Haugen*, 179 F.R.D. 622, 632 (D. Utah 1998); *Gohler v. Wood*, 162 F.R.D. 691, 695 (D. Utah 1995).

by Dr. Nielson following entry of the protective order.

DATED this  6th  day of March, 2006.

                              BY THE COURT:

                              Brooke C. Wells
                              United States Magistrate Judge