Timothy C. Houpt (USB #1543)
Candice Pitcher (USB #10183)
JONES WALDO HOLBROOK & McDONOUGH PC
170 South Main Street, Suite 1500
Salt Lake City, Utah  84101
thoupt@joneswaldo.com
Telephone:  (801) 521-3200
Facsimile: (801) 328-0537
*Attorneys for Defendant Regence
BlueCross BlueShield of Utah*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF UTAH, CENTRAL DIVISION**

| | |
|---|---|
| JEFFREY HANSEN,<br><br>  Plaintiff,<br>vs.<br><br>HARPER EXCAVATING, INC.; REGENCE BLUECROSS BLUESHIELD OF UTAH,<br><br>  Defendants. | **DEFENDANT REGENCE BLUECROSS BLUESHIELD OF UTAH'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**<br><br>Civil No. 2:05cv940 DAK<br>Judge Dale A. Kimball |

Defendant Regence BlueCross BlueShield of Utah ("Regence"), by and through its undersigned counsel, hereby submits the following Memorandum of Points and Authorities in Support of its Motion for Summary Judgment and in support thereof states as follows:

**INTRODUCTION**

This is a case in which Plaintiff has made an unfounded claim that his untimely application for health insurance coverage was wrongfully denied by Regence.  Plaintiff admits that he filed a late application for health insurance coverage and blames such tardiness on an alleged misstatement by his employer, Defendant Harper Excavating, Inc. ("Harper"), as to the

773304v1

application time window. After admitting his application was late (and blaming Harper), Plaintiff then turns and blames Regence for denying the late application even though Regence strictly followed the parameters of the Plan Documents. Pursuant to these documents, and as a matter of law, Regence had no obligation to accept a late health insurance application from Plaintiff. Regence fully complied with its duties under the Plan. Thus, Regence asks this Court to grant summary judgment in its favor on all of Plaintiff's claims.

## STATEMENT OF UNDISPUTED FACTS[1]

1.   On September 25, 2003, Defendant Harper Excavating, Inc. ("Harper") filed a Group Application Form (the "Application") with Regence for group health insurance coverage for its qualified employees (the "Plan"). See Application, at Regence 0004-05, attached hereto as Exhibit A.

2.   Regence accepted Harper's application and thereafter the terms and benefits of coverage under the Plan were governed by the Application, the Contract, and the Booklet (collectively, the "Plan Documents"). See Contract, at Regence 0159, attached hereto as Exhibit B.

3.   Regence's role under the Plan was to provide health care benefits to eligible employees and their eligible dependents who became enrolled under the Contract. See id. at Regence 0158.

4.   Harper's role under the Plan, among other things, was to:

---

[1] Any facts conceded to be undisputed are to be considered undisputed as to this motion only. Regence reserves the right to dispute any facts in any proceedings before the Court in the future.

    a. "[H]andle and distribute enrollment materials in a timely manner and promptly provide to [Regence] the information necessary to administer the Contract with the understanding and agreement that the Group's failure to provide information in a timely manner may substantially delay and/or jeopardize the enrollment of eligible Enrollees;" and

    b. "[R]estrict enrollment and payment of premiums through the Group to eligible Enrollees."

See id. at Regence 0166.

  5. The Plan Contract applied to the Group and its enrolled employees, defined as "an employee of the Group who is eligible under the terms of the Contract, whose application is accepted by Us, and who is enrolled under this Plan." See id. at Regence 0158.

  6. Coverage under the Contract was specifically contingent upon an employee meeting the eligibility requirements in effect with the Group. See Booklet, at Regence 0230, attached hereto as Exhibit C.

  7. The Booklet provided that a Harper employee would become eligible to apply for coverage under the Plan after he completed his probationary period; this probationary period was determined by Harper. See id. at Regence 0317; Application, at Regence 0004.

  8. After the probationary period had run, the Plan provided that an employee had a thirty day window within which he must enroll for coverage under the Plan. See Booklet, at Regence 0319.

  9. In its Group Application Form, Harper indicated that the probationary period for its new employees would be two months from the employee's date of hire. See Application, at Regence 0004.

10. Harper reiterated the two month probationary period in a letter to Regence dated January 7, 2004. This letter stated that employees would be eligible to apply for coverage under the Plan following sixty days of hire. See Letter from Stacy Henderson to Regence, dated January 7, 2004, at Regence 0009, attached hereto as Exhibit D.

11. Plaintiff was hired as an employee by Harper on or about November 24, 2003. See Plaintiff's Amended Complaint, at ¶ 9, on file with the Court.

12. During Plaintiff's employment, Harper was the Plan Sponsor and Plan Administrator of the Plan, and Regence served as the Plan Provider of the group health benefits provided under the Plan. See id. at ¶¶ 10-11.

13. Pursuant to the Plan Documents, Plaintiff's probationary period ended January 24, 2004. Plaintiff thereafter had a thirty day window within which he could apply for coverage under the Plan. See Booklet, at Regence 0319.

14. Plaintiff submitted an application for health insurance benefits dated March 9, 2004, more than thirty days after his probationary period had run. See Application for Enrollment/Waiver, at Regence 0135-36, attached hereto as Exhibit E.

15. Because Plaintiff submitted his application outside the enrollment window, in a letter dated March 15, 2004, Regence notified Harper that Plaintiff's application was rejected because he did not enroll in the Plan within thirty days of the date on which he became eligible to apply. See Letter from Michelle Christensen to Harper, dated March 15, 2004, at Regence 0134, attached hereto as Exhibit F.

16. Harper received Regence's rejection notice on or near March 18, 2004. See id.

**ARGUMENT**

In his Amended Complaint, Plaintiff's main allegation is that Harper gave Plaintiff misleading information about the length of the probationary period after which he could apply for health insurance. Because, as Plaintiff alleges, Harper told Plaintiff that his probationary period was ninety days – instead of sixty days – Plaintiff enrolled outside the enrollment time window provided for in the Plan Documents. Plaintiff's only allegations against Regence are that Regence breached its fiduciary duty under ERISA by failing to properly enroll Plaintiff in the Plan and by failing to provide Plaintiff with notice that he had been denied coverage under the Plan. However, pursuant to the clear requirements under the Plan Documents, Regence fully complied with any and all duties it had under the Plan. Harper clearly directed that the probationary period for eligibility was two months. Thereafter, Plaintiff had thirty days within which to apply for coverage. Because Plaintiff applied outside this thirty day window, Regence properly denied Plaintiff's application. Regence then gave notice of this denial to Harper; it was Harper's duty under the Plan Documents – not Regence's – to provide this notice to Plaintiff. Thus, Regence fulfilled its obligations regarding notice under the Plan.

Regence did not breach any duties – fiduciary, contractual, or otherwise. Plaintiff cannot blame Regence for any of Harper's alleged misdeeds under the Plan, and thus Regence asks this Court to grant summary judgment in its favor on all counts.

**I.   REGENCE COMPLIED WITH EVERY OBLIGATION IT OWED PURSUANT TO THE PLAN**

Pursuant to the Plan Documents, Regence was obligated to determine the eligibility of Harper employees for health insurance coverage and provide coverage under the Plan to eligible

employees who chose to enroll and were accepted. SOF 3. The parameters of eligibility were both found within the Plan Documents and were set by Harper. Most importantly in this case, Harper indicated to Regence in its Application – and in a subsequent letter – that the eligibility waiting period for new employees was two months. SOF 9-10. After two months, the Plan Documents stated that an employee had thirty days within which to apply for coverage under the Plan. SOF 8.

Plaintiff was hired in November 24, 2003. SOF 11. Pursuant to the Plan Documents, Plaintiff's probationary period lasted until January 24, 2004, two months after Plaintiff's hire date. From that date, Plaintiff then had thirty days to submit his application. SOF 8. Plaintiff, however, submitted his application outside of that window – on or near March 9, 2004. SOF 14. Because Plaintiff's application was late, when Regence received Plaintiff's application, it properly denied coverage pursuant to the clear parameters set forth in the Plan Documents. Regence then gave Harper notice of its denial in a letter dated March 15, 2004. SOF 15. Harper received this letter on or near March 18, 2004. SOF 16. According to the Contract, it was Harper's obligation to provide Plaintiff all documentation regarding eligibility and enrollment. SOF 4.

Regence fulfilled each of its obligations under the Plan by properly denying coverage and then properly providing notice of such denial to Harper. As such, Regence has not breached any duty to either Plaintiff or Harper. Thus, Regence is entitled to summary judgment in its favor on all of Plaintiff's claims against it.

## CONCLUSION

For the foregoing reasons, Regence requests that the Court grant summary judgment in its favor and against Plaintiff on all claims.

DATED this 14th day of March, 2007.

                                  JONES, WALDO, HOLBROOK & McDONOUGH

                                  By /s/ Timothy C. Houpt
                                       Timothy C. Houpt
                                       Candice Pitcher
                                       Attorneys for Defendant Regence BlueCross
                                       BlueShield of Utah

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 14th day of March, 2007, I caused a true and correct copy of the foregoing **DEFENDANT REGENCE BLUECROSS BLUESHIELD OF UTAH'S MEMORANDUM IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT** to be sent, via electronic court filing, to the following:

>April L. Hollingsworth
>Lauren I. Scholnick
>STRINDBERG, SCHOLNICK & CHAMNESS, LLC
>426 North 300 West
>Salt Lake City, UT 84103
>         and
>Elizabeth M. Peck
>LAW OFFICE OF ELIZABETH M. PECK
>422 North 300 West
>Salt Lake City, UT 84103
>Attorneys for Plaintiff
>
>Joseph C. Rust
>Matthew G. Bagley
>KESLER & RUST
>2000 Beneficial Life Tower
>36 South State Street
>Salt Lake City, UT 84111
>Attorneys for Defendant Harper Excavating, Inc.

/s/ Jo Ann Gregory

EXHIBIT A    APPLICATION (REGENCE 0004-05)

EXHIBIT B    CONTRACT (REGENCE 0159)

EXHIBIT C    BOOKLET (REGENCE 0317)

EXHIBIT D    LETTER DATED JANUARY 7, 2004

EXHIBIT E    APPLICATION FOR ENROLLMENT/WAIVER (REGENCE 0135-1036)

EXHIBIT F    LETTER DATED MARCY 15, 2004 (REGENCE 0134)