IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| JEFFREY HANSEN,<br><br>               Plaintiff,<br><br>v.<br><br>HARPER EXCAVATING, INC.;<br>REGENCE BLUECROSS<br>BLUESHIELD OF UTAH,<br><br>               Defendants. | FINDINGS OF FACT AND<br>CONCLUSIONS OF LAW<br>AND ORDER<br><br>Case No. 2:05CV940 DAK |

      This matter came on for trial on November 2, 2007 to determine the amount of the medical expenses for which Harper Excavating, Inc. ("Harper") is liable to redress its violations of its fiduciary duties. At the trial, Plaintiff Jeffrey Hansen was represented by Elizabeth M. Peck and April Hollingsworth. Defendant Harper was represented by Joseph C. Rust.

      This court had previously held that Harper breached several of its fiduciary duties to Mr. Hansen by, for instance, failing to convey accurate information to him regarding the eligibility and enrollment requirements for its health insurance plan, and failing to inform him when his insurance application was denied. Memorandum Decision and Order, dated May 8, 2007. Pursuant to this finding, the court found that Mr. Hansen is

entitled to damages, reasonable attorneys fees, and costs for Harper's breaches. Additionally, the court found that Mr. Hansen is entitled to $6,000 as a penalty for Harper's COBRA violation.

The parties agreed that based on the court's finding regarding Harper's breaches of fiduciary duties, Harper is liable to Mr. Hansen for medical bills and expenses Mr. Hansen has incurred following those breaches. The parties, however, dispute the amounts to be paid. Mr. Hansen argues that he is entitled to a full recovery of his medical bills and expenses. Harper argues that Mr. Hansen is only entitled to benefits that he would have received under the health insurance plan in place at the time of his employment with Harper.

Pursuant to its theory, Harper seeks to limit the award to medical expenses that would have been covered by insurance if Mr. Hansen had been covered by the health insurance plan, and those Mr. Hansen incurred prior to October 25, 2005, the end of the 18-month period during which he could have extended his insurance coverage under COBRA. Furthermore, to the extent any of the bills have been written off or paid by a third party, Harper argues that it should be allowed to reimburse those charities or other third parties directly, rather than pay the award to Mr. Hansen.[1]

---

[1] Harper concedes that it is liable for amounts written off or paid by third parties, but nonetheless argues that it should not pay Mr. Hansen those amounts.

Mr. Hansen, on the other hand, argues that he is entitled to a full recovery of damages for all of the medical bills he has incurred to date since Harper breached its fiduciary duties, and that he should be paid for all damages directly.  He argues that he is entitled to these damages pursuant to ERISA § 1132(a)(3)(B), which provides for "appropriate equitable relief" to redress violations of fiduciary duties.  Mr. Hansen argues that as a result of Harper's egregious conduct, the theories of equity and estoppel demand that his recovery not be limited in the ways that it might otherwise have been if he had had insurance when he incurred the bills.

Mr. Hansen reasons that imposing limitations based on the parameters of the insurance plan ignores the ways that Harper's breaches changed the realities of the situation.  For instance, he argues that had he had insurance coverage, he would have obtained adequate and timely medical care that would have obviated his need for treatment extending beyond October 2005.  As an example, he maintains that he would have had eye surgery for his glaucoma when it was recommended to control his glaucoma in 2004, rather than waiting until this year, when the surgery became necessary to save his eye.  Similarly, he maintains that his recovery should not be limited to the amounts that the insurance company would have paid under the plan, since he might have made different choices about treatment or providers if he had been covered.  For instance, when he began experiencing back pain, he would have gone to a doctor covered under the plan

instead of waiting until his condition got so severe that he had to be taken by ambulance to the emergency room. Finally, he argues that the entire award must be paid directly to him, because the other entities that paid for the bills are not parties to this action and may ultimately sue him for a portion of his recovery.

The court, having heard the testimony of witnesses, reviewed the evidence, considered the arguments of counsel in their post-trial briefs, and being fully advised now makes and enters its findings of fact and conclusions of law and judgment.

## FINDINGS OF FACT

The court finds that because of its breaches of its fiduciary duties, Harper is liable for all of Mr. Hansen's medical bills incurred from the time it breached its duties to the present. The court finds it is inappropriate to limit Harper's liability based upon what might have been covered if Harper had obtained insurance for Mr. Hansen. The court is persuaded that Mr. Hansen's medical history and his choice of providers might have been considerably different if he had been covered. The court further finds that Harper's conduct was sufficiently egregious that the theory of estoppel should apply, pursuant to which Harper should not receive a benefit based on the limitations of a health insurance plan that it denied to Mr. Hansen.

The court also finds that Mr. Hansen's recovery should not be limited to the COBRA period that would have been in place if he had been covered by insurance, since the COBRA period is completely hypothetical in this situation. Harper's contract with

Blue Cross Blue Shield specifically provided that if Harper failed to adequately comply with its obligations under COBRA, that the plan would have no obligation to pay benefits to a qualified beneficiary. Considering that Harper never obtained insurance for Mr. Hansen and failed to comply with COBRA, it is simply inappropriate to impose a COBRA period on the recovery.

## CONCLUSIONS OF LAW

Under ERISA, health care plan administrators owe a fiduciary duty to plan beneficiaries. 29 U.S.C. § 1104. Mr. Hansen brought claims under ERISA § 1132(a), which provides alternate forms of relief for actions against plan administrators for violations of duties under ERISA. Section 1132 (a)(1)(B) provides for recovery of benefits due under a benefits plan, whereas section 1132 (a)(3)(B) provides for "other appropriate equitable relief (I) to redress such violations" of the statute. Further, the Tenth Circuit has allowed for the possibility that in cases involving "egregious" conduct, estoppel theories may apply. *Callery v. United States Life Ins. Co.,* 392 F.3d 401, 407-408 (10th Cir. 2004).

In this case, Mr. Hansen seeks equitable relief under § 1132(a)(3)(B) to recover the entire amount of the medical expenses that he has incurred to date since Harper breached its fiduciary duties to him under ERISA. The court finds that ERISA §1132(a)(3)(B) allows for full recovery of medical bills incurred due to a plan administrator's breach without regard to what would have been covered by insurance. This is an appropriate

equitable remedy, because a plan beneficiary might have made different choices regarding the timing, extent, and providers of medical care if insurance had been available to him when the charges were incurred.  Furthermore, the court finds that §1132(a)(3)(B) allows for recovery beyond the 18-month period that an administrator is required to allow coverage to continue under COBRA, if a beneficiary demonstrates that he would have had the treatment for which he seeks recovery within the COBRA period if he had been covered.[2]

Pursuant to the above findings, the court hereby orders that Harper pay directly to Mr. Hansen a total of $57,182.33.  Specifically, the court directs Harper to pay $56,070.87 for all of Mr. Hansen's medical expenses incurred as a result of Harper's breaches of fiduciary duties, minus $4,888.54 in premiums that Plaintiff would have paid had he received insurance, resulting in a total of $51,182.33.  In addition, the court has already ordered Harper to pay $6,000 in penalties to Mr. Hansen for Harper's COBRA violations.  Therefore, the total amount of penalties and medical expenses Harper must pay to Mr. Hansen amount to $57,182.33.  The court, however, declines to award prejudgment interest.

Plaintiff has sought attorneys fees and costs in the amount of $112,750.88.  Defendant argues, among other things, that this amount is excessive and that there was

---

[2] In this action, Mr. Hansen does not claim compensatory damages or extra-contractual or consequential damages, including claims for lost wages and pain and suffering.

duplication of work between Ms. Peck and Ms. Hollingsworth. The court, however, has examined the records and finds that while there might have been some duplication of work, most of the billings are reasonable. In addition, the court also finds that the requested rate is reasonable. Accordingly, the court will deduct ten percent from the requested attorneys fees ($106,940 - $10,694.00) to account for some slight duplication of work, resulting in attorneys fees of $96,246. The court finds that all requested costs, amounting to $5,810.88, should be also be awarded. Thus, the court awards a total of $102,056.88 in attorneys fees and costs.[3]

## CONCLUSION

Accordingly, the court GRANTS Plaintiff's Motion for Attorneys Fees and Costs [docket #121] and awards attorneys fees and costs in the amount of $102,056.88. The court further directs Harper to pay directly to Mr. Hansen $57,182.33 in medical expenses and penalties. The Clerk of the Court is directed to close this case.

DATED this 13th day of March, 2008.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge

---

[3] The firm of Strindberg Scholnick, LLC is awarded $49,793.40 ($55,326 - $5,532.60) in fees and $5,784.23 in costs, resulting in a total of $55,577.63. The Law Office of Elizabeth M. Peck is awarded $46,452.60 ($51,614.00 - $5,161.40) in fees and $26.65 in costs, resulting in a total of $46,479.25 in fees and costs.